UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| JOSHUA ISREAL, # 410450, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-153 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| JOHN RUBITSCHUN, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on plaintiff's objections to the report and recommendation of the magistrate judge. Plaintiff brings this civil rights action against certain members of the Michigan Parole Board. Acting pursuant to the relevant provisions of the Prison Litigation Reform Act, the magistrate judge analyzed plaintiff's *pro se* complaint to determine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The magistrate judge concluded that plaintiff's challenge to the decision of the parole board not to release him on parole fails to state a claim upon which relief can be granted under federal due-process principles. The report and recommendation therefore concluded that plaintiff's federal claims should be dismissed for failure to state a claim and that plaintiff's state-law claims should be dismissed without prejudice. Plaintiff has filed timely objections, which the court must afford *de novo* review. FED. R. CIV. P. 72(b).

The report and recommendation concluded that plaintiff has no procedural due-process claim arising from the decision to deny him release on parole, because the decision to release a prisoner on parole in Michigan is discretionary with the parole board.  In reaching this conclusion, the magistrate judge applied both Supreme Court authority, such as *Board of Pardons v. Allen*, 482 U.S. 369 (1987), and numerous specific Sixth Circuit cases.  Under Supreme Court authority, a prisoner has a liberty interest in the possibility of parole if, but only if, state law creates a legitimate expectation of parole release by use of mandatory language limiting the discretion of the parole board.  *Allen*, 482 U.S. at 377-78.  In numerous cases, the Sixth Circuit Court of Appeals has applied this general rule to various provisions of the Michigan parole scheme, concluding in every case that no liberty interest in parole exists in the Michigan system.  *See, e.g., Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003).

In his objections, plaintiff makes three essential arguments.  First, he argues that a civil rights action is the appropriate vehicle to raise his due-process claim, and that he is not required to proceed in a habeas corpus petition.  This objection is correct, but unavailing.  The report and recommendation expressly concluded that a section 1983 action is available to plaintiff in the circumstances of this case, because plaintiff is not seeking immediate or speedier release from prison.  (R&R at 3-4, citing *Wilkinson v. Dotson*, 544 U.S. 74 (2005), docket # 8).

Second, plaintiff asserts that even in the absence of a liberty interest, the decision of the parole board may be challenged as arbitrary and capricious.  Although plaintiff is technically correct, his complaint fails to state a claim for relief under this exacting standard.  The arbitrary and capricious standard is the most deferential standard of review of agency action.  *Mich. Bell Tel. Co. v. MCIMetro Access Trans. Serv., Inc.*, 323 F.3d 348, 354 (6th Cir. 2003).  The agency decision will

-2-

be upheld under this standard if it is supported by a reasoned explanation, based on the record as a whole. *Id.* The facts set forth in plaintiff's own attachments undermine any argument that the parole board's decision in this case was arbitrary and capricious.

The attachments to the complaint show that plaintiff is a repeat felony offender. In 2002, he was sentenced to a prison term of 3-to-20 years after being convicted of armed robbery. Shortly after being released on parole for the armed robbery conviction, he was convicted of first-degree retail fraud, uttering and publishing, and fleeing and eluding a police officer, third-degree. Judgement was entered in the Oakland County Circuit Court on these three plea-based convictions on September 20, 2005. The court sentenced plaintiff to concurrent terms of 1½-to-21 years on the new convictions, in addition to revoking parole on the armed robbery offense. The parole board attained jurisdiction over plaintiff after he served his minimum term of 1½ years. In December 2006, the parole board found that plaintiff should not be released on parole, citing a number of factors, including his commission of an assaultive crime resulting in injury, his fleeing and eluding of police officers, and his history of parole failure. The parole board determined that plaintiff should serve 24 months before being considered again for parole. The parole board's decision (attached to the complaint) shows that the board considered both aggravating and mitigating factors and came to a reasoned decision. On this record, it is impossible to conclude that the decision to deny plaintiff release on parole was "arbitrary and capricious." The parole board's decision involved a predictive judgment concerning the future threat posed by plaintiff, who had four felony convictions and had previously violated parole by committing new felonies. The parole board's decision is reasoned and is supported by appropriate findings in evidence.

-3-

Finally, plaintiff asserts that the parole board relied upon inaccurate information.  On the present record, plaintiff could not possibly prevail on this allegation, as virtually all facts cited in the parole board's decision were matters of public record.  Nevertheless, even assuming that some information in the file was inaccurate, plaintiff cannot establish a due-process violation.  As plaintiff has no liberty interest in being paroled, reliance on allegedly false information is not constitutionally significant.  (*See* R&R at 6-7).

Having reviewed the decision of the magistrate judge *de novo*, the court independently concludes that plaintiff's complaint fails to state a claim upon which relief can be granted.  Plaintiff's objections will therefore be overruled.  The court will enter judgment dismissing all federal claims for failure to state a claim upon which relief can be granted.  In the exercise of its discretion, the court will decline to exercise supplemental jurisdiction, and plaintiff's purported state-law claims will be dismissed without prejudice.

Date:  _____April 30, 2007_____        /s/ Robert Holmes Bell_____
ROBERT HOLMES BELL
CHIEF UNITED STATES DISTRICT JUDGE